IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1242-WJM-KMT

WALTER STRICKLIN,

     Plaintiff,

v.

BROCK BORDELON, M.D.,

     Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT OPINIONS

---

This medical negligence lawsuit arises from injuries sustained by Plaintiff Walter Stricklin after he fell from an operating room table during surgery performed by Defendant Brock Bordelon, M.D. (ECF No. 1 ¶¶ 51–56.)

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Expert Opinions ("Motion"), filed on May 28, 2020. (ECF No. 58.) For the reasons explained below, the Motion is denied.

## I. BACKGROUND

On April 3, 2020, Defendant served his Initial Expert Disclosures under Federal Rule of Civil Procedure 26(a)(2). (ECF No. 58-1.) Defendant disclosed one retained expert in general surgery, Kian A. Modanlou, M.D. (*Id.* at 3.) Defendant also disclosed various non-retained experts, including William C. Chambers, Jr., M.D., and John Conn, M.D. (*Id.* at 12–15.) Dr. Chambers and Dr. Conn are surgeons who practice at Penrose Hospital but have not provided care or treatment to Plaintiff. (*Id.*; ECF No. 58

at 2.)  Defendant gave Plaintiff Dr. Chambers and Dr. Conn's signed statements of

anticipated testimony (ECF Nos. 58-4, 58-5), as well as a fee schedule stating that

these non-retained experts will be paid $2,875 for a half-day of trial testimony and $425

per hour for all other work (ECF No. 58-6 at 1).

Among other things, both Dr. Chambers and Dr. Conn plan to testify as follows:

- "[I]t is well known by health care providers involved in surgery that nursing staff is responsible for positioning and securing a patient to the [operating room ('OR')] table" and that "[s]urgeons rarely, if ever, double check the nurses' work."

- "The standard of care does not require surgeons to double check that nurses have appropriately positioned and secured a patient to the OR table."

- "[H]e will testify that surgeons at Penrose do not routinely double check that nurses have appropriately secured/positioned surgery patients."

- "[H]e has rarely, if ever, seen one of his preference cards at Penrose Hospital" and that "if the hospital staff at Penrose asked him what patient position he wanted listed in a preference card for a particular surgery, he would give the starting position (supine, prone, etc.) [and that he] would not think to ask that every possible table adjustment/position be listed in the preference card."

- "[A]ny suggestion that a surgeon is responsible when nursing inadequately secures a patient to the OR table because they should either double check nursing work or because they did not spell out possible table adjustments is illogical and highly inconsistent with how these issues are handled at Penrose."

(ECF No. 58-4 at 1; ECF No. 58-5 at 1.)

## II. ANALYSIS

Plaintiff argues that the Court should strike Dr. Chambers and Dr. Conn's expert

opinions for two reasons: (1) their expert disclosures do not comply with Federal Rule of

Civil Procedure 26(a)(2)(B); and (2) their testimony will be needlessly cumulative and therefore prejudicial.  (ECF No. 58 at 2.)  The Court will consider each argument below.

### A.    Federal Rule of Civil Procedure 26(a)(2)(B) Expert Disclosures

Federal Rule of Civil Procedure 26(a)(2)(B) governs the requirements for which witnesses must provide a written report:

> Unless otherwise stipulated or ordered by the court, [the expert disclosures required by Rule 26(a)(1)] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
>
> (1)    a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (2)    the facts or data considered by the witness in forming them;
>
> (3)    any exhibits that will be used to summarize or support them;
>
> (4)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (5)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (6)    a statement of the compensation to be paid for the study and testimony in the case.

For non-retained witnesses, Rule 26(a)(2)(C) applies, and the disclosure need only state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

1.    <u>Whether Defendant's Experts Are Subject to Rule 26(a)(2)(B)</u>

To determine whether the requirements of Rule 26(a)(2) have been satisfied, courts apply a burden-shifting framework. *Estate of Grubbs v. Weld Cnty. Sheriff's Office*, 2018 WL 8838810, at *2 (D. Colo. July 20, 2018); *see also Morris v. Wells Fargo Bank, N.A.*, 2010 WL 2501078, at *2 (D. Colo. June 17, 2010) ("[S]ome showing must be made to distinguish an expert witness not required to provide a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). "The party moving to strike the witness must first show that the disclosing party was required to produce a written report under Rule 26(a)(2)(B)." *Estate of Grubbs*, 2018 WL 8838810, at *2. The burden then shifts to the party who disclosed the witness to show that a report was not required. *Id.*

Plaintiff has satisfied his initial burden of showing that Defendant disclosed Dr. Chambers and Dr. Conn as non-retained experts and that these individuals did not file reports that fully complied with Rule 26(a)(2)(B). Because Plaintiff has met his initial burden, Defendant must demonstrate that Dr. Chambers and Dr. Conn are properly designated as a non-retained witnesses under Rule 26(a)(2)(C). The Court finds that Defendant cannot satisfy his burden.

Significantly, Rule 26(a)(2)(B) applies to witnesses "retained or specially employed to provide expert testimony in the case." As stated in Defendant's fee disclosures, Dr. Chambers and Dr. Conn are being paid $2,875 for a half-day of trial testimony and $425 per hour for all other work. (ECF No. 58-6.) Thus, contrary to their designation at "non-retained" experts, they are receiving financial consideration in exchange for their expert testimony and other services in Defendant's case. They are

therefore retained experts.  *See Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 498 (10th Cir. 1980) (recognizing magistrate judge's determination that "[i]n the generally accepted meaning of the term in everyday usage, 'retained' or 'specially employed' ordinarily implies some consideration, a payment or reward of some kind"); *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 56 (S.D. W. Va. 1995) (recognizing that a witness who agrees to receive consideration which is different than the fees and allowances provided by 28 U.S.C. § 1821 in return for expert testimony, is "retained" or "specially employed to provide expert testimony"); *cf. Ferring Pharm., Inc. v. Braintree Labs., Inc.*, 215 F. Supp. 3d 114, 125 (D. Mass. 2016) (finding that doctor is "a non-retained, non-specially employed expert" because defendant "is not paying him for his time and has not hired him to testify").

Moreover, the substance of Dr. Chambers and Dr. Conn's anticipated testimony confirms that they are expert witnesses who should have prepared an expert report under Rule 26(a)(2)(B).  Among other things, both Dr. Chambers and Dr. Conn plan to testify that "[t]he standard of care does not require surgeons to double check that nurses have appropriately positioned and secured a patient to the OR table."  (ECF No. 58-4 at 1; ECF No. 58-5 at 1.)  By opining on the appropriate standard of care applicable to Defendant in connection with the lawsuit, Dr. Chambers and Dr. Conn are acting as retained or employed witnesses under Rule 26(a)(2)(B) and must therefore comply with the applicable disclosure requirements.  *See Carbaugh v. Home Depot U.S.A., Inc.*, 2014 WL 3543714, at *3 (D. Colo. July 16, 2014) (recognizing that "when a witness forms an opinion because there is a lawsuit, such as when he or she is asked to review the records of another health care provider in order to formulate his or her own

opinion on the appropriateness of care, the witness is considered 'retained or employed' under Rule 26(a)(2)(B)").

        2.    <u>Whether Defendant's Failure to Comply with Rule 26(a)(2)(B) was Substantially Justified or Harmless</u>

Under Rule 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless."  *See Cook v. Rockwell Intern. Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005).  However, striking an expert witness based on disclosure deficiencies is a drastic sanction that can cripple a party's case. *See Summers v. Mo. Pac. R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997) (recognizing that "[t]he decision to exclude evidence is a drastic sanction"); *McAdoo v. ITT Educ. Servs., Inc.*, 2011 WL 2198568, at *2 (D. Colo. June 6, 2011) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony." (quoting *McClain v. Metabolife Int'l, Inc.*, 193 F.Supp.2d 1252, 1259 (N.D. Ala. 2003)).

      In *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999), the Tenth Circuit identified four factors for courts to consider in determining whether the failure to disclose information required under Rule 26 is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the nondisclosing party's bad faith or willfulness.  170 F.3d at 993.

Defendant argues that "[e]ven if Dr. Chambers and Dr. Conn are considered retained experts, the harsh sanction of excluding their testimony is unwarranted." (ECF No. 59 at 9.)  The Court agrees.

Defendant's erroneous designation of Dr. Chambers and Dr. Conn as "non-retained" experts does not meaningfully prejudice Plaintiff.  The start of trial is still nearly five months away.  (*See* ECF No. 70.)  Defendant has already given Plaintiff the signed statements of Dr. Chambers and Dr. Conn's anticipated testimony (ECF Nos. 58-4, 58-5), as well as their fee disclosures (ECF No. 58-6) and lists of the facts and data that they considered (ECF No. 63-1 at 2–3).  Thus, Plaintiff is already on notice of Dr. Chambers and Dr. Conn's opinions and anticipated testimony.  The Court is confident that Defendant can cure any prejudice to Plaintiff by providing the missing  disclosure information with ample time for Plaintiff to prepare for trial.

In short, because Defendant's failure to comply with Rule 26(a)(2)(B)'s disclosure requirements is harmless, the Court denies Plaintiff's request to strike Dr. Chambers and Dr. Conn's expert testimony on this basis.

**B.     Cumulative Evidence**

Plaintiff next argues that Dr. Chambers and Dr. Conn's testimony should be stricken because it is "unnecessarily cumulative and unduly prejudicial." (ECF No. 58 at 7.)  Plaintiff contends that Dr. Chambers and Dr. Conn plan to testify about the same topics as Defendant's retained expert, Dr. Modanlou, namely, that nursing staff is responsible for securing a patient to the OR table during surgery.  (*See* ECF No. 58 at 9.)  According to Plaintiff, this cumulative testimony violates Federal Rule of Evidence 403, which allows a court to "exclude relevant evidence if its probative value is

substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."  (ECF No. 58 at 8.)

       In response, Defendant argues that "Dr. Chambers and Dr. Conn have important roles separate and distinct" from Dr. Madanlou by countering the testimony of Plaintiff's non-retained nursing experts, who will testify about particular nursing practices at Penrose Hospital.  (ECF No. 59 at 5–9.)  Defendant further argues that Plaintiff has also endorsed multiple experts to testify regarding the relevant nursing practices at Penrose Hospital and that, as a result, it would be fundamentally unfair to preclude Defendant's expert witnesses.  (*Id.* at 8.)

       The Court need not resolve this dispute today.  Plaintiff's request is effectively a motion *in limine* to preclude Dr. Chamber and Dr. Conn's testimony and is therefore premature.  As set forth in the undersigned's practice standards, "[a]ll motions *in limine* must be filed no earlier than 70 days before the Final Trial Preparation Conference and, in civil cases, no later than 21 days prior to the Final Trial Preparation Conference." WJM Revised Practice Standards III.G.3.  Accordingly, Plaintiff's request to exclude cumulative evidence is denied without prejudice as premature.

### III. CONCLUSION

       For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Motion to Strike Defendant's Expert Opinions (ECF No. 58) is DENIED; and

2.    Defendant is ORDERED to supplement its disclosures for Dr. Chambers and Dr. Conn to comply with the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B) by **February 16, 2021**.

Dated this 26th day of January, 2021.

BY THE COURT:

William J. Martinez
United States District Judge