IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1242-WJM-KMT

WALTER STRICKLIN,

     Plaintiff,

v.

BROCK BORDELON, M.D.,

     Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION *IN LIMINE***

---

     This medical negligence lawsuit arises from injuries sustained by Plaintiff Walter Stricklin after he fell from an operating room table during surgery performed by Defendant Brock Bordelon, M.D. (ECF No. 1 ¶¶ 51–56.)

     This matter is before the Court on Plaintiff's Motion *in Limine* ("Motion"), filed on April 30, 2021. (ECF No. 77.) Defendant responded on May 7, 2021. (ECF No. 80.) The Court presumes familiarity with the factual and procedural background, which will not be repeated here. For the reasons explained below, the Motion is granted in part and denied in part.

**I. LEGAL STANDARD**

     "The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the

admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

As the movant, Plaintiff bears the "burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020); *United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020) (same).

## II. ANALYSIS

Plaintiff seeks to exclude evidence regarding: (1) his prior marriages; (2) his unrelated medical records; and (3) his insurance claim relating to a car accident. (ECF No. 77 at 2.) He further seeks to preclude Defendant from offering cumulative expert testimony regarding the appropriate standard of care. (*Id.*)

### A.   Plaintiff's Prior Marriages

Plaintiff seeks to exclude evidence or discussion of his prior marriages, which he contends are "irrelevant, hav[e] no probative value, and hav[e] a significant risk of unfair prejudice." (ECF No. 77 at 3.) He further argues that his wife is not a party to this action, so loss of consortium is not at issue in this action. (*Id.*) In response, Defendant

states that "[i]n the unlikely event that Plaintiff opens the door to his prior marriages, counsel will request a side bar to raise the issue before this Court and seek permission to question the witness about this topic."  (ECF No. 80 at 2.)

Because Defendant does not argue that Plaintiff's prior marriages have standalone probative value relating to the claim in this action, the Court grants the Motion as to Plaintiff's prior marriages.

**B.     Plaintiff's Unrelated Medical Records**

Plaintiff states that "Defendant's exhibit list contains records relating to unrelated medical conditions such as Mr. Stricklin's urological records, cancer records, and PCP records referencing pleural effusions and edema in his extremities."  (ECF No. 77 at 3.)  He contends that these medical records should be excluded, arguing that "[n]o expert for the Defense was even provided with these records and there are no experts endorsed to testify that these records have anything whatsoever to do with the issues in this case."  (*Id.*)

Defendant argues that Plaintiff provides no legal support for his contention that these records are inadmissible unless Defendant has endorsed an expert to testify about them.  (ECF No. 80 at 2.)  He further argues that Plaintiff's request for a "preemptive ruling that medical records relating to a host of conditions are 'irrelevant'" is "overbroad and premature without the context of what claims or arguments Plaintiff may make at trial."  (ECF No. 80 at 2.)  Defendant further points out that the types and severity of Plaintiff's injuries and damages have changed over time and that "[i]t is premature to conduct a [Rule] 401 and 403 analysis in advance of trial without knowing the scope and details of the evidence presented by Plaintiff."  (*Id.* at 3.)  The Court

agrees.

To the extent Plaintiff limits his case to the injuries actually sustained as a result of Defendant's alleged negligence, the Court agrees in principle that evidence regarding Plaintiff's other medical records are irrelevant and should be excluded under Rules 402 and 403.  However, determinations regarding the relevance of such evidence cannot be resolved in a vacuum outside the context of other evidence which comes in at trial.

Accordingly, Plaintiff's request to preclude this evidence is denied as premature, without prejudice to it being renewed in the form of an appropriate objection at trial.

### C. Plaintiff's Insurance Claim Arising From His Car Accident

Plaintiff seeks to preclude Defendant from introducing evidence related to his insurance claim resulting from a car accident in July 2018.  (ECF No. 77 at 4.)  He contends that such evidence is inadmissible because: (1) his only injury resulting from the car accident was to his lower back; and (2) he is neither claiming the medical bills relating to his car accident as damages in this case nor a lower back injury as a result of his fall from the operating table.  (*Id.*)

In response, Defendant asserts that

> Plaintiff made varying allegations regarding damages and injuries and it remains unclear what he will present in trial. Since Plaintiff is requesting noneconomic damages, his ongoing pain, suffering, and lifestyle limitations are relevant to his damages claim.  If Plaintiff stipulates that he has no ongoing injuries and the only injuries caused by this fall were the two sinus fractures and related pain (all of which have been resolved several years ago), then Defendant may be persuaded that his [motor vehicle accident] and related injuries may be irrelevant.  If, however, Plaintiff testifies otherwise, then the [motor vehicle accident] and all documented injuries are relevant to his claim of damages. Defendant has a right to challenge Plaintiff's damage claims with the evidence of co-existing injuries or limitations on his

4

>       lifestyle.

(ECF No. 80 at 3.)

The Court agrees that evidence regarding Plaintiff's car accident and associated pain, suffering, and lifestyle limitations *may* bear on his claims for non-economic damages. The Court cannot determine the relevance of this evidence without knowing how Plaintiff presents his case-in-chief. The Court will therefore rule on any objections that Plaintiff may assert related to this category of information at trial.

Accordingly, Plaintiff's request to preclude this evidence is denied as premature, without prejudice to it being renewed in the form of an appropriate objection at trial.

**D.    Expert Testimony**

Plaintiff notes that Defendant has endorsed three standard of care experts at trial and argues that these experts are cumulative and therefore should be excluded pursuant to Rule 403. (ECF No. 77 at 4.) Plaintiff argues that because "each opinion disclosed for Dr. Chambers and Dr. Conn is already covered by Dr. Modanlou," Dr. Chambers and Dr. Conn should be stricken as expert witnesses because "their testimony is unnecessarily cumulative and therefore unduly prejudicial." (*Id.* at 5, 7.)

In response, Defendant argues that Plaintiff's request is "essentially a motion for reconsideration" of the Court's April 26, 2021 Order Denying Plaintiff's Motion to Limit Defendant's Expert Opinions Pursuant to F.R.E. 702 (ECF No. 76), which the Court should deny. (ECF No. 80 at 4.)

As an initial matter, the Court disagrees that the Motion is essentially a motion for reconsideration of its April 26, 2021 order. In that order, the Court denied Plaintiff's request that it limit Defendant, Dr. Modanlou, Dr. Chambers, and Dr. Conn's testimony

as to the standard of care applicable to surgeons and preclude these surgeons from testifying regarding the standard of care applicable to nurses. (ECF No. 76 at 5–8.) The Court further reasoned that

> [u]nder Rule 403, the marginal probative value of allowing such duplicative testimony from three expert witnesses is substantially outweighed by a danger of needlessly presenting cumulative evidence. Accordingly, exercising its authority under Federal Rule of Evidence 611 to control the introduction of evidence and avoid duplicative testimony, Defendant will be given the option to choose only one expert to opine on a nurse's standard of care within the operating room setting. However, the Court will not preclude Defendant's expert witnesses from testifying regarding other non-cumulative matters.

(*Id.* at 8–9.) Critically, this order did not determine whether Defendant's experts' other testimony would also be cumulative.

The Court agrees that many of the expert opinions of Dr. Modanlou, Dr. Chambers, and Dr. Conn appear to be duplicative. (*See* ECF No. 77 at 7–8 (chart comparing the expert witnesses' specific opinions).) The probative value from allowing Defendant's three experts to provide nearly identical testimony regarding a surgeon's standard of care is substantially outweighed by a danger of wasting time and needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Accordingly, the Court grants in part this portion of the Motion. The Court will only allow Defendant to provide one expert witness to opine on a surgeon's standard of care within an operating room setting. However, the Court will not usurp Defendant's ability to choose which expert witness he will call to testify.[1]

---

[1] In his earlier response to Plaintiff's Motion to Strike Defendant's Expert Opinions, Defendant argued that it was appropriate to present more than one standard of care opinion to rebut, *inter alia*, Plaintiff's three endorsed experts. (ECF No. 61 at 8.) In the unlikely event that the Court allows Plaintiff to put on more than one expert to testify about a surgeon's standard of

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion *in Limine* (ECF No. 77) is GRANTED IN PART and DENIED IN PART.

Dated this 10th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

care, the Court will reconsider this ruling to allow comparable expert testimony from Defendant's other expert witnesses.