**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-1242-WJM-KMT

WALTER STRICKLIN,

    Plaintiff,

v.

BROCK BORDELON, M.D.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE***

---

    This medical negligence lawsuit arises from injuries sustained by Plaintiff Walter Stricklin after he fell from an operating room table during surgery performed by Defendant Brock Bordelon, M.D.  (ECF No. 1 ¶¶ 51–56.)  The Court presumes familiarity with the factual and procedural background, which will not be repeated here.

    This matter is before the Court on Defendant's Motion *in Limine* Regarding Captain of the Ship and/or "Responsibility" for Operating Room ("Motion"), filed on June 10, 2021.  (ECF No. 99.)  Plaintiff responded on June 14, 2021.  (ECF No. 100.)

    For the reasons explained below, the Motion is granted in part and denied in part.

**I. LEGAL STANDARD**

    "The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the

admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

As the movant, Defendant bears the "burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded*."* *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020); *United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020) (same).

## II. ANALYSIS

Defendant seeks to exclude evidence and/or argument: (1) that he is vicariously liable for any negligent act of any other person in the operating room; and (2) regarding his purported statement to Plaintiff after the surgery that he was the captain of the ship and was responsible for Plaintiff's injury. (ECF No. 99.)

**A.   Defendant's Responsibility for Others' Actions in the Operating Room**

Notwithstanding the fact that this action does not involve a vicarious liability claim, Defendant anticipates that "Plaintiff may attempt to argue and offer evidence at trial that because [Defendant] was the lead surgeon, he is vicariously liable for any

2

negligent act of any other persons in the operating room." (*Id.* at 2.)  According to Defendant, none of the witnesses in this action are experts on the captain of the ship legal doctrine and that allowing this type of legal testimony: (1) would not help the jury understand a fact at issue in this case and, and (2) would usurp the ability of the Court to properly define the law.  (*Id.* at 2–3.)

Plaintiff responds that he has no intention of offering evidence at trial that Defendant is vicariously liable for the conduct of others in the operating room and will not present evidence of the "captain of the ship doctrine."  (ECF No. 100 at 1.)  According to Plaintiff, any evidence that Defendant was the "captain of the ship" or was responsible for what happened to him relates to Defendant's direct liability, not his vicarious liability.  (*Id.*)  The Court agrees.

According to Plaintiff's theory of the case, Defendant had "a direct duty to oversee the staff and to ensure that proper safety measures had been taken."  (ECF No. 100 at 2.)  Evidence regarding Defendant's responsibility for the conduct of others is therefore directly related to Plaintiff's medical malpractice claim and his position regarding a surgeon's standard of care.  To the extent Defendant believes that his standard of care does not include overseeing the operating room staff, Defendant's position can be adequately addressed on cross-examination and by Defendant's experts.

Thus, the Court will not preclude Plaintiff's witnesses from testifying that they believe that Defendant is responsible for the actions by team members within the operating room.[1]  This portion of the Motion is denied.

---

[1] To the extent Defendant believes that Plaintiff's witnesses are testifying as to legal

3

### B.     Defendant's Post-Surgery Statement

Defendant represents that "Plaintiff's counsel has indicated they plan to have Plaintiff and/or his wife testify that, when apologizing/expressing sympathy for the incident, [Defendant] used the words 'captain of the ship.'"  (ECF No. 99 at 4.) Defendant argues that this testimony constitutes an apology or expression of sympathy that is inadmissible pursuant to Colorado Revised Statute § 13-25-135(1), which provides:

> [i]n any civil action brought by an alleged victim of an unanticipated outcome of medical care, or in any arbitration proceeding related to such civil action, any and all statements, affirmations, gestures, or conduct expressing apology, fault, sympathy, commiseration, condolence, compassion, or a general sense of benevolence which are made by a health care provider or an employee of a health care provider to the alleged victim, a relative of the alleged victim, or a representative of the alleged victim and which relate to the discomfort, pain, suffering, injury, or death of the alleged victim as the result of the unanticipated outcome of medical care shall be inadmissible as evidence of an admission of liability or as evidence of an admission against interest.

Plaintiff responds that the statute "is a classic procedural rule" that is not applicable to this federal diversity action.[2]  (ECF No. 100 at 4 (citing *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018) ("State laws that solely address procedure and do not function as part of the State's definition of substantive rights and remedies are inapplicable in federal diversity actions.")).)

---

conclusions or matters beyond the scope of their expertise, the Court will hear those objections during trial.

[2] Where a conflict exists between the Federal Rules of Evidence and state law, courts generally apply the Federal Rules of Evidence in diversity cases tried in federal court unless the state law reflects substantive concerns or policies.  *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006).

4

According to Plaintiff, the statute is an evidentiary rule which governs the procedure of a trial and is therefore not a substantive statue that applies in this action. (*Id.*)

The Court does not need to decide whether § 13-25-135(1) applies to this federal diversity action because Plaintiff represents that he intends to offer the evidence of Defendant's statement to Plaintiff as impeachment evidence, not as an admission of liability:

> Dr. Bordelon's own statement that he is the 'captain of the ship' and that 'I'm responsible' in the operating room contradicts Defendant's trial theory, and therefore is necessary for impeachment and/or rebuttal.
>
> . . .
>
> Finally, even if Defendant were correct that § 13-25-135 is a substantive statute, it still would not operate to exclude the at-issue evidence because Plaintiff is offering the evidence for impeachment, not 'as evidence of an admission of liability or as evidence of an admission against interest.'" *See* C.R.S. § 13-25-135(1).

(ECF No. 100 at 4–5.) Even assuming § 13-25-135 applies to this action, the statute does not bar the admission of Defendant's statement because Plaintiff is not attempting to introduce the statement as an admission of liability or as an admission against evidence.

However, the Court nonetheless concludes that Defendant's specific admissions of responsibility are still properly excluded under a Rule 403 analysis. Regardless of whether the evidence is introduced for impeachment purposes only, there is a high likelihood that a jury would improperly consider Defendant's statement to Plaintiff that he was the "captain of the ship" and bore responsibility for Plaintiff's injuries as an admission of legal liability. The evidence's impeachment value is therefore substantially

outweighed by its significant prejudice to Defendant.

Accordingly, this portion of the Motion is granted. Plaintiff is precluded from introducing evidence at trial regarding Defendant's statement to Plaintiff that he bore responsibility for Plaintiff's injuries and/or was the "captain of the ship." However, the Court will not preclude either party from introducing other portions of Defendant's post-surgery conversation with Plaintiff.

### III. CONCLUSION

Accordingly, for the reasons set forth above, the Court ORDERS that Defendant's Motion *in Limine* (ECF No. 99) is GRANTED IN PART and DENIED IN PART.

Dated this 14th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge